IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-127-BO

| | |
|---|---|
| JULIUS JONES,<br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>*Acting Commissioner of Social Security,*<br>    Defendant. | O R D E R |

This cause comes before the Court on plaintiff's motion for attorneys' fees [DE 31]. For the reasons discussed below, the motion is GRANTED but the total fee award is REDUCED.

Plaintiff's counsel, J. Blair Biser of Hardison & Cochran, PLLC, moves for an award of attorneys' fees based on a contingency fee agreement between himself and plaintiff. [DE 32-2]. Biser represented plaintiff in a civil action before this Court. Plaintiff was awarded judgment on the pleadings following oral argument, found to be entitled to disability insurance benefits under the Social Security Act, and awarded past-due benefits in the amount of $43,884.00. [DE 26, 32-1]. $10,971.00 was withheld from the past-due benefits pending approval of attorneys' fees. [DE 32-1]. The Court previously awarded plaintiff's counsel $2,900.00 in attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. [DE 30].

At the outset, the Court notes that, in light of plaintiff and plaintiff's counsel not receiving a Notice of Award until September 20, 2018, in spite of the notice being dated June 26, 2018, plaintiff's counsel's motion is accepted as timely.

Under 42 U.S.C. § 406(b), this Court may award a portion of past-due benefits to a claimant's attorney as a fee. That portion cannot be more than twenty-five percent. 42 U.S.C. §

406(b). Requested fees are reviewed for reasonableness; the amount may be reduced if, for example, the attorney is responsible for a delay in the proceedings or the award would amount to a windfall to counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002). Factors to consider in determining whether to approve a fee request include the existence and reasonableness of a contingency fee agreement and the complexity of the case. *Id.*; *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir 2005). When a 42 U.S.C. § 406(b) fee award and an EAJA fee award are both provided, the attorney must return the smaller award to the claimant. *Gisbrecht*, 535 U.S. at 796.

Here, plaintiff was awarded $43,884 in past-due benefits. $10,971.00 was withheld for possible attorney fees, as is the Commissioner's general practice. Plaintiff's counsel requests the full amount as his fee. The Court finds that, considering the circumstances of this case, including the length of the attorney-client relationship, time spent on the case, and complexity of the issues, in order to avoid a windfall for plaintiff's counsel, a fee award of $8,000.00 is appropriate.

For the above reasons, plaintiff's motion [DE 26] is GRANTED but the award is REDUCED to $8,000.00. Counsel is directed to refund to plaintiff the $2,900.00 he received as an EAJA fee.

SO ORDERED, this the ⟂__ day of December, 2018.

*[signature]*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE